**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
TRUSTEES OF THE LOCAL 813 I.B.T.
INSURANCE TRUST FUND, et al.,

                              Plaintiffs,                  **REPORT AND**
                                                                         **RECOMMENDATION**
            - against -
                                                                         CV 08-4033 (CBA) (JO)

DEJANA INDUSTRIES, INC.,
                              Defendant.
-----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

        The plaintiffs, trustees of certain employee benefits funds (the "Trustees"), commenced this action on October 2, 2008 against defendant Dejana Industries, Inc. ("Dejana") seeking damages arising from Dejana's alleged failure to make required contributions to the Funds. Docket Entry ("DE") 1 (Complaint). Dejana never responded to the Complaint, and the Trustees therefore moved for default judgment. DE 5. On referral from the Honorable Carol Bagley Amon, United States District Judge, I now make this report and, for the reasons set forth below, respectfully recommend that the court award the Trustees a total of $351 (consisting of one dollar in nominal damages, no attorneys' fees, and $350 in costs) and deny the Trustees' requests for relief in all other respects.

I.      Background

        The Trustees are fiduciaries of the Local 813 I.B.T. Insurance Trust Fund, the Local 813 I.B.T. Pension Trust Fund, and the Local 813 and Local 1034 Severance Trust Fund (collectively, the "Funds"). The Funds are multi-employer benefit plans established for the benefit of members of Local 813, I.B.T. (the "Union") through a collective bargaining agreement (the "CBA"). Complaint ¶ 7. Pursuant to the terms of the CBA, Dejana is required to make contributions on

behalf of its employees to the Funds. *Id.* ¶ 8. If Dejana failed to make contributions as required under the CBA, it would be liable for remedies under Section 1132(g)(2) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA").

The Trustees filed the instant action on October 2, 2008, alleging that Dejana failed to make contributions to the Funds that were due under the CBA as the result of the work of Dejana employee Cesar Recinos ("Recinos") from August 2, 2004 through July 31, 2005. Specifically, the Trustees allege that Dejana failed to make required payments in the following amounts: $8,877.79 to the Insurance Fund, $2,053.00 to the Pension Fund, and $832.00 to the Severance Fund. *Id.* ¶¶ 9-11. In addition, the Trustees claim that Dejana's payments for the first two months of 2007 were untimely, and that as a result they are entitled to collect an additional $5,955.20 in liquidated damages. *Id.* ¶ 13. The Trustees demand judgment in the amount of $17,717.99, plus interest accrued thereon to date, and attorneys' fees and costs. *Id.* ¶ 15.[1]

The Trustees served the Complaint on Dejana on October 10, 2008. DE 4. Dejana never responded. On March 19, 2009, the Trustees moved for a default judgment. DE 5 at 1. In support of the motion, the Trustees included a proposed Judgment requesting a total award of $20,849.82 (the increased value of the award accounts for an additional sum of $3,131.83 to represent interest accrued since July 31, 2005, plus costs of $350), *id.* at 2-3; affirmations by their counsel, their collection manager, and their process server, *id.* at 4-6, 7-8, 18, 20; a proposed Clerk's certificate of default, *id.* at 9; a copy of the Summons served on Dejana, *id.* at 11; a copy of the Complaint, *id.* at 12-16; and interest rate data from an Internet web site, *id.* at 22.

---

[1] This citation refers to the second of two paragraphs numbered 15 in the Complaint.

The Clerk noted Dejana's default on March 19, 2009. DE 6. After Judge Amon referred the matter to me, I directed the Trustees to make any additional submissions in support of their requests for relief no later than August 14, 2009. In doing so, I explicitly cautioned that "*[t]his will be the plaintiffs' final opportunity to present argument or evidence in support of any request for relief.*" DE 9 (emphasis in original). Despite having the opportunity to supplement the record to support their claim for damages, the Trustees chose to submit no further evidence; I therefore assume the Trustees are content to rest their request for damages on the evidence submitted with their motion for default judgment on March 19, 2009.

II. Discussion

    A. Applicable Law

        1. Default

When a defendant defaults, the court must accept as true all well-pleaded allegations in the complaint, except those pertaining to the amount of damages. Fed. R. Civ. P. 8(b)(6); *see Finkel v. Romanowicz*, 577 F.3d 79, 83 n.6 (2d Cir. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). The fact that a complaint stands unanswered does not, however, suffice to establish liability on its claims: a default does not establish conclusory allegations, nor does it excuse any defects in the plaintiff's pleading. With respect to liability, a defendant's default does no more than concede the complaint's factual allegations; it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action. *See, e.g.*, *id.* at 84; *Directv, Inc. v. Neznak*, 371 F. Supp. 2d 130, 132-33 (D. Conn. 2005); *see also Greyhound Exhibitgroup*, 973 F.2d at 159.

3

If the defaulted complaint suffices to establish liability, the court must conduct an inquiry sufficient to establish damages to a "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citing *Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). Detailed affidavits and other documentary evidence can suffice in lieu of an evidentiary hearing. *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991); *Credit Lyonnais*, 183 F.3d at 155. The plaintiffs have had ample opportunity to present additional documentary evidence or live testimony, but have chosen not to do so. Upon this record, I have declined to convene an evidentiary hearing and make the instant report and recommendation on the basis of the submitted documents. *Action S.A.*, 951 F.2d at 508; *Transatl. Marine Claims Agency*, 109 F.3d at 111.

2. ERISA

ERISA is a comprehensive legislative scheme governing the administration of employee benefit funds for the purpose of protecting employees. *HMI Mech. Sys., Inc. v. McGowan*, 266 F.3d 142, 148 (2d Cir. 2001) (citing *Burgio & Campofelice, Inc. v. N.Y. State Dep't of Labor*, 107 F.3d 1000, 1007-08 (2d Cir. 1997)). Under ERISA, employers need not provide any particular benefits; however, once an employer elects to provide benefits, the statute governs the terms of administration of the benefits. *Burgio*, 107 F.3d at 1007. Employers obligated to make contributions within the meaning of the statute must do so in accordance with the relevant multi-employer plan or collective bargaining agreement. 29 U.S.C. § 1145; *Cement & Concrete Workers Dist. Council v. Lollo*, 35 F.3d 29, 36 (2d Cir. 1994) (duty to pay benefits must spring from a source other than ERISA) (citing *Mass. Laborers' Health & Welfare Fund v. Starrett Paving Corp.*, 845 F.2d 23, 25 (1st Cir. 1988)). ERISA's overarching purpose – to protect fund

4

beneficiaries' rights – is equitable, and the court therefore enjoys considerable discretion to fashion appropriate relief where a plaintiff successfully proves a violation. *Katsaros v. Cody*, 744 F.2d 270, 281 (2d Cir. 1984); *see also* 29 U.S.C. § 1001(a) (congressional finding that safeguards must be provided with respect to establishment, operation, and administration of employee benefit plans to protect the interests of employees and their beneficiaries).

B.  Liability

Before assessing the sufficiency of the Trustees' claims against Dejana, I pause to consider the extent to which their ability to seek default judgment may be limited by the form of their motion papers. The local rules of this court require that "all motions ... shall be supported by a memorandum of law[.]" Loc. Civ. R. 7.1(a). When the plaintiffs first moved for a default judgment, they submitted a Proposed Default Judgment Order and an affidavit from their attorney and the Funds' collection manager, but they did not submit a memorandum of law. *See* DE 5. Once the matter was referred to me, I directed the plaintiffs "to submit any written materials in support of their request for damages or other relief (including, if applicable, reasonable attorneys' fees), including any affidavits, exhibits, or *memoranda of law* that the plaintiffs wish me to consider no later than August 14, 2009." DE 9 (emphasis added). The Trustees' counsel did not submit any further written materials in support of their motion or application for damages.

The Trustees' failure to comply with the local rule requiring them to submit a memorandum of law, particularly in light of an order explicitly calling to their attention their opportunity to do so, would be reason enough for the court to deny the Trustees' motion. *See* Loc. Civ. R. 7.1(a) ("Willful failure to comply with this rule may be deemed sufficient cause for

the denial of a motion or the granting of a motion by default.") Though I would not necessarily recommend that the court deny the Trustees' request on this ground alone, this lapse lends further support to my recommendation, discussed in detail below, that the Trustees' request for a damages award should in most respects be denied on other grounds.

Notwithstanding the absence of a memorandum of law, I conclude that the Trustees have established liability, albeit barely so and only by virtue of Dejana's default. The Trustees properly invoke this court's subject matter jurisdiction pursuant to Sections 502 and 515 of ERISA. Complaint ¶ 2 (citing 29 U.S.C. §§ 1132 and 1145). They adequately allege that they are "fiduciaries" within the meaning of 29 U.S.C. § 1132(e)(1) or (a)(3), *see* Complaint ¶¶ 5-6; that Dejana is an employer in an industry affecting commerce as defined by ERISA, *id.* ¶ 4; and that the Trustees and the Union entered into a CBA in effect "at all relevant times" that obligated Dejana to make contributions on behalf of its employees to the Insurance Fund, the Pension Fund, and the Severance Fund. *Id.* ¶¶ 7-8.

At no point in the Complaint, however, do the Trustees explicitly state that Recinos performed any work that triggered Dejana's obligation to make contributions to the Funds on his behalf. Instead, they repeatedly refer in passing to the "result of [Dejana's] failure to make contributions when due to [one of the Funds] for employee Cesar Recinos for the period from August 2, 2004, through and including July 31, 2005." Complaint ¶ 9; *id.* ¶ 10 (same); *id.* ¶ 11 (same). The Trustees then allege that "payment has been demanded" and that Dejana "failed and refused to pay contributions to the Funds as they become [sic] due[.]" *Id.* ¶ 14. Despite the absence of the critical allegation that Recinos performed work for which contributions should

6

have been paid, such an assertion is implicit in the allegations quoted above. As a result, the Trustees have sufficiently pleaded an ERISA violation.

C. Damages

Having established liability by virtue of Dejana's default, "the Trustees must still establish the *amount* of the unpaid contributions with evidence sufficient to allow a determination with reasonable certainty." *Durso v. E. Tremont Food Corp.*, 2007 WL 1213414, at *4 (E.D.N.Y. Apr. 24, 2007) (emphasis in original). Although the allegations of a complaint pertaining to liability are deemed admitted by virtue a default, allegations relating to damages are not. *See Greyhound Exhibitgroup*, 973 F.2d at 158. Instead, a court deciding a motion for default judgment must make an independent assessment of damages. *See* Fed. R. Civ. P. 55(b); *S.E.C. v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 814 (2d Cir. 1975). The sole issue now before the court is whether the Trustees have provided adequate support for the relief they seek. *Trs. of the Local 813 I.B.T. Ins. Trust Fund v. Amanda Carting Corp.*, 2007 WL 4324019, at *1 (E.D.N.Y. Dec. 7, 2007) (citing *Greyhound Exhibitgroup*, 973 F.2d at 158). For the reasons set forth below, I conclude that they have failed to adduce sufficient proof to establish any damages with reasonable certainty, and I therefore recommend an award of only nominal damages.

In support of their request for damages, the Trustees rely on affidavits of their counsel, Arthur A. Hirschler ("Hirschler"), and of their collection manager, Dominick Giglio ("Giglio"). *See* DE 5 at 4-8. Hirschler notes that his clients are seeking certain amounts in damages, but does not purport to provide any evidence as to why such amounts are due. *See* DE 5 at 5. Giglio provides little more: he makes only a conclusory assertion that he has calculated the amounts claimed to be owed "[p]ursuant to the books and records [sic] in my possession kept in the

7

ordinary course of plaintiff's [sic] business[.]" DE 5 at 7. Giglio does not provide any information about the contents of the books and records on which he relies, nor have the Trustees provided copies of those documents. In short, the record contains absolutely no information about the hours that employee Recinos worked, how (if at all) Dejana reported those hours, what demands (if any) the Trustees made for contributions, and what response (if any) Dejana made to any such demands. The Trustees have also failed to provide a copy of the CBA or any other source of information about the rate at which contributions accrue under the relevant agreement. In the absence of such information – all of which plaintiffs in similar default cases routinely provide – it is impossible for this court to assess an appropriate damages amount. *See*, *e.g.*, *Bricklayers Ins. & Welfare Fund v. David & Allen Contracting, Inc.*, 2007 WL 3046359, at *4 (E.D.N.Y. Oct. 16, 2007) (adopting report and recommendation finding that plaintiffs failed to establish damages by failing to provide any documentary evidence to support claims of unpaid contributions); *Laborers' Local Union No. 91 Welfare Fund v. Danco Constr. Inc.*, 1996 WL 189510, at *1 (W.D.N.Y. Apr. 17, 1996).

Without sufficient information to determine damages, the court must either reject the Trustees' requests – awarding instead only nominal damages – or give them yet another opportunity to prove their damages, this time with explicit guidance about the gaps that must be filled. I recommend against the latter course.

There can be no question that both the Trustees and their counsel were on ample notice both of the need to prove damages with reasonable certainty and of the deadline for submitting such proof. First, the Trustees are institutional litigants who frequently assert similar claims in this court, often represented by the same counsel, and they plainly know the relevant standard of

8

proof and have previously managed to satisfy it. *See, e.g.*, *Trs. of Local 813 I.B.T. Ins. Trust Fund v. Long Island Rubbish Removal E. Corp.*, 2005 WL 1118137, at *1-2 (E.D.N.Y. April 14, 2005) (setting forth applicable standard and describing the proof submitted to meet it, including the kinds of evidence missing in the instant action); *see also Amanda Carting*, 2007 WL 4324019, at *1-3 (same).[2]

Second, I explicitly warned the Trustees and their counsel that, in allowing them to submit supplemental information in support of their motion following its referral to me for a damages inquest, I was giving them their *"final opportunity to present argument or evidence in support of any request for relief.*" DE 9 (emphasis in original). In light of that warning, the court cannot grant the Trustees and their counsel still more opportunities to prevail without undermining its neutral position.

To be sure, judges in this district have given the Trustees and Hirschler precisely such an advantage in the past by allowing them to supplement the record to cure a failure to adduce sufficient proof to permit an award of damages. *See Trs. of Local 1034 I.B.T. Ins. Trust Fund v. Menna Container & Drum, Inc.*, 2010 WL 890981 (E.D.N.Y. Mar. 9, 2010); *Trs. of Local 813 I.B.T. Ins. Trust Fund v. Bay Area Portables, Inc.*, 2006 WL 1313819 (E.D.N.Y. May 9, 2006). Indeed, in the *Menna* case, Hirschler had no less than three opportunities to supplement the record on his clients' behalf. 2010 WL 890981, at *2 (recounting that the Trustees and Hirschler initially relied only on Hirschler's own affirmations, then failed to comply with an order seeking

---

[2] Although the opinion in *Amanda Carting* does not explicitly describe the proof in enough detail to be certain that the Trustees did not rely in that case, as they do here, on their agent's conclusory assertions, a review of the relevant submissions in that case reveals that the information missing here was indeed provided in that earlier litigation.

9

additional documentation by a certain date, then submitted an insufficient affidavit from Giglio after the court issued a second order extending the time to provide supplemental information, and then provided still more information after the court again explained why previous submissions were insufficient). The fact that the Trustees and Hirschler have been given such advantages in the past, however, is no reason to continue the practice; to the contrary, such past indulgences make it all the more important – and fair – to expect the Trustees and their counsel in this case to meet the standards normally imposed on all other similarly situated litigants.

      Under the circumstances described above, providing the Trustees with both a further opportunity to supplement the record in a way that will allow them to maximize their recovery and a detailed explanation of just what evidence they need to submit in order to achieve that result would undermine this court's role as a neutral arbiter. While the court should strive to vindicate ERISA's broad remedial goals, it must not do so at the cost of its own institutional integrity. Dejana's default placed it at risk of a monetary judgment, but this court properly did nothing to ensure that Dejana would avoid that risk. "Just as it is not the court's responsibility to ensure that the defendants consult counsel and answer the complaint, it is not – and must not become – this court's job to ensure that [a plaintiff] is protected against its own lapses. If the court takes on such an obligation, it will implicitly be taking sides in the legal dispute between [the parties]." *Liberty Mut. Ins. Co. v. Bella Transp., Inc.*, 2009 WL 1606489, at *11 (E.D.N.Y. June 8, 2009) (dismissing plaintiff's claims, despite defendant's default, where plaintiff repeatedly failed to take advantage of opportunities to obtain judgment in its favor). Accordingly, I respectfully recommend that the court enforce the deadline for submissions, find

that the Trustees have failed to prove any damages, and therefore award one dollar in nominal damages.[3]

D. Attorneys' Fees

In their Complaint, the Trustees requested an award of "reasonable attorneys' fees[.]" Complaint at 5. In their motion for default judgment however, they omit any reference to such a recovery. In light of their apparent abandonment of that request for relief, I respectfully recommend that the court award no attorneys' fees.

Even if the Trustees were pressing their request for fees, I would recommend against such an award based on the lack of any information supporting it. I recognize that the relevant statute mandates an award of attorneys' fees to a plaintiff who has prevailed on a claim for unpaid contributions. *See* 29 U.S.C. §§ 1132(g), 1145.[4] However, even a plaintiff who is entitled to an award of fees is required to submit evidence that provides a factual basis for a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 433-434 (1983). Such information should normally include contemporaneous billing records documenting the date, the hours expended, and the nature of the work done, for each attorney. *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711

---

[3] Having failed to establish any damages, the Trustees have necessarily also failed to prove that they are entitled to any interest on damages. I therefore respectfully recommend that the court deny their request for such relief. I similarly recommend that the court deny the Trustees' request for "late fees of $5,955.20 for the months of January and February 2007." DE 5 at 3; *see also* Complaint ¶ 13 (alleging the same amount is owed for the same period as "liquidated damages"). Whether deemed to be a late fee or liquidated damages, this facet of the Trustees' request for relief depends on their ability to establish some specific amount of damages in late or unpaid contributions. Having failed to prove Dejana's responsibility for any specific amount of contributions to the Funds, the Trustees are not entitled to any such derivative relief.

[4] Although I am unaware of any case deciding the matter in this context, I assume for purposes of this discussion that the Trustees should be deemed to be prevailing parties on their ERISA claim even if the court agrees that they are entitled to an award of only nominal damages.

F.2d 1136, 1148, 1154 (2d Cir. 1983). Where adequate records are not submitted, the court may deny fees altogether or reduce the fee award. *See id.* at 1148; *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997). That is the case here: the Trustees have neither requested any specific amount in attorneys' fees nor submitted any billing records detailing the legal work for which compensation might be sought. Without such information, the court cannot compensate the Trustees for their attorney's work. I therefore respectfully recommend that the court decline to award the Trustees any attorneys' fees.

E. Costs

In their motion for a default judgment, the Trustees request an award of "costs and disbursements of this action in the amount of $350[.]" DE 5 at 3; *see also* Complaint at 5 (requesting an award of "the costs of this action"). ERISA provides for an award of costs. 29 U.S.C. § 1132(g). Although the Trustees have done nothing to explain the amount they request, I note that the docket conclusively demonstrates that the Trustees paid a filing fee of $350 to commence this lawsuit. *See* DE 1. I therefore respectfully recommend an award of $350 in costs.

III. Recommendation

For the reasons set forth above, I respectfully recommend that the court award the Trustees a total of $351 (consisting of one dollar in nominal damages, no attorneys' fees, and $350 in costs) and deny the Trustees' requests for relief in all other respects.

IV. Objections

I direct the Trustees to serve a copy of this Report and Recommendation on defendant Dejana by certified mail, and to file proof of service with the court no later than August 4, 2010.

Any objections to this Report and Recommendation must be filed no later than August 18, 2010. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

**SO ORDERED.**

Dated: Brooklyn, New York
July 28, 2010

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge