UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TRUSTEES OF THE LOCAL 813 I.B.T.
INSURANCE TRUST FUND, et al.,

                              Plaintiffs,

-against-

DEJANA INDUSTRIES, INC.,

                              Defendant.
------------------------------------------------------------------x

NOT FOR PUBLICATION
ORDER
08-CV-4033 (CBA) (JO)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  SEP 1 7 2010  ★

BROOKLYN OFFICE

AMON, United States District Judge:

## INTRODUCTION

The Trustees of the Local 813 I.B.T. Insurance Trust Fund object to the Report and

Recommendation of Magistrate Judge James Orenstein dated July 28, 2010 (ECF 11). Judge Orenstein

recommended that the Court deny, for lack of proof, the Trustees' request for other than nominal

damages in their action to recover delinquent contributions to several employee benefits funds that they

manage. The Trustees, in their objections, do not ask that the Court award them damages; they ask only

that the Court allow them an opportunity to cure the deficiencies in their proof that Judge Orenstein

identified. The Court grants that request.

## DISCUSSION

The Trustees, who are fiduciaries of several employee benefits funds, sued Dejana Industries and

alleged that Dejana had failed to make contributions to the funds as required by a collective bargaining

agreement between it and Local 813 I.B.T., in violation of 29 U.S.C. § 1145. (Compl. ¶ 15.) The

Trustees alleged that the delinquent contributions were due as a result of work performed by a Dejana

employee, Cesar Recinos. (Id. ¶¶ 9–11.) They alleged damages of $17,717.99 plus prejudgment interest.

(Id. ¶ 14.) Dejana never responded to the complaint, and the Trustees moved this Court to enter a

judgment of default. (ECF 5.) The Court granted that motion and referred the matter to Judge Orenstein

1

for an inquest on relief, including damages, interest, costs, and attorneys fees. (ECF 8.) Judge Orenstein, by written order, directed the Trustees to "submit any written materials in support of their request for damages or other relief (including, if applicable, reasonable attorneys' fees), including any affidavits, exhibits, or memoranda of law that the plaintiffs wish[ed] [him] to consider." (ECF 9) He informed the Trustees, "This will be your final opportunity to present argument or evidence in support of any request for relief." (Id.) The Trustees, who had previously submitted affidavits from their counsel and collection manager (ECF 5 at 4–9), did not submit additional materials.

Judge Orenstein reviewed the materials that the Trustees did submit and recommended that the Court award the Trustees nominal damages of $1 and costs in the amount of $350, and deny them attorneys fees. (ECF 9 at 12.) He concluded that the Trustees had not proved their entitlement to the damages claimed. Judge Orenstein observed that counsel's affidavit states that the Trustees are seeking damages "but does not purport to provide any evidence as to why such amounts are due." (ECF 11 at 7.) Moreover, the collection manager's affidavit makes "only a conclusory allegation" that he had reviewed certain "'books and records in [his] possession kept in the ordinary course of'" the Trustees' business and determined that they supported the damages claimed. (Id. at 7–8.) Significantly, the Trustees have provided none of the documents upon which the collection manager purported to rely; no information about the hours that Recinos had worked; no information about how Dejana reported those hours; no information about what if any demands the Trustees made for payment; nothing about how Dejana responded to those demands, if it responded at all; and no copy of the collective bargaining agreement or any other information about the rate at which contributions accrue under that agreement. (Id. at 8.) The Trustees' proof of attorneys fees is even more deficient: they have submitted nothing that mentions the matter. Judge Orenstein further recommended that the Court not provide the Trustees with "yet another opportunity to prove their damages, this time with explicit guidance about the gaps that must be filled."

2

(Id.) In support of this recommendation, he highlighted the fact that the Trustees, frequent litigants, should know what is required of them, and the fact that he had "explicitly warned" the Trustees that he was providing them one, and only one, opportunity to submit evidence in support of their request for damages. (Id. at 8–9.) Judge Orenstein was also concerned about compromising the integrity of the court by assisting the Trustees in their litigation against Dejana. (Id. at 10.)

The Trustees have filed objections to the Report and Recommendation. (ECF 13.) They state that they did not understand that Judge Orenstein's order referencing the submission of additional evidence of damages was in effect a conclusion that their papers were deficient. According to the Trustees, the order did not "indicate that the documents submitted were insufficient" or "specify which documents [Judge Orenstein] believed should supplement the motion." (Id. ¶¶ 4, 10.) And the Trustees say that their experience with default judgments led them to believe that the evidence they had submitted was sufficient. (Id. ¶ 11.) Notwithstanding the Trustees' belief that the evidence they submitted adequately established their claimed damages, they do not request that the Court reject the Report and Recommendation and award damages. Instead, they ask only that the Court allow them to supplement the record to cure the deficiencies identified in Judge Orenstein's order so that their counsel's misunderstanding of that order not deprive the employee benefits funds of contributions to which they are entitled by law. (Id. ¶¶ 12, 13.)

The Court adopts the Report and Recommendation insofar as it recommends that the Court deny at this stage of the litigation the Trustees' request for more than nominal damages, deny attorneys fees to the Trustees, and award costs. For the reasons explained by Judge Orenstein, the Trustees have not submitted evidence sufficient to prove their claimed damages of $17,717.99 (plus prejudgment interest) "with reasonable certainty." Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999); see also, e.g., Gabr Int'l Trading Corp. v. Birdsall, No. 07-CV-4310, 2009 WL 595605, at *2–3

(E.D.N.Y. Mar. 6, 2009); <u>Bricklayers Ins. & Welfare Fund v. David & Allen Contracting, Inc.</u>, No. 05-CV-4778, 2007 WL 3046359 (E.D.N.Y. Oct. 16, 2007).

The denial of an award of more than nominal damages is without prejudice. The Court concludes that the Trustees deserve an opportunity to supplement the record with evidence of damages.[1] With respect to damages, Judge Orenstein's order did not inform the Trustees that their proof was deficient or that their failure to submit additional information would result in a recommendation that they be awarded only nominal damages. Because the Trustees have previously secured damages on similar proof, and because in the past the practice has been for magistrate judges to specifically request additional evidence when they believe additional evidence necessary (ECF 13 Ex. A, B), the Court, while not condoning the Trustees' blasé approach to Judge Orenstein's order, at least understands why they failed to appreciate its import. Although the Court is sympathetic to Judge Orenstein's concern about remaining neutral in litigation, including litigation involving nonparticipating defendants like Dejana, it does not believe that permitting the Trustees an opportunity to fill the gaps in their proof compromises its neutrality.

The Trustees are directed to submit to this Court, by Tuesday September 28, 2010, additional evidence of the kind detailed in the Report and Recommendation.

SO ORDERED.

DATED: Brooklyn, New York
September 15, 2010

Honorable Carol Bagley Amon
United States District Judge

---

[1] No information has been submitted regarding attorneys fees, nor is it mentioned in the objections. The Court concludes that the claim for attorneys fees in the complaint has been abandoned.

4